UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE O. RODRIGUEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-133 |
| | § | |
| BANK OF AMERICA, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (D.E. 31) in this mortgage-related lawsuit. The motion also seeks a pre-filing injunction against Plaintiff as a "vexatious litigant." In his response (D.E. 43, 44), Plaintiff seeks an order striking Defendants' affidavit evidence (D.E. 31-1, 31-4). For the reasons set out below, the Motion to Strike (D.E. 44) is DENIED, and the Motion for Summary Judgment (D.E. 31) is GRANTED IN PART with respect to dismissal of Plaintiff's claims, and DENIED IN PART with respect to the request for a pre-filing injunction.

### PROCEDURAL POSTURE

On September 25, 2012, Plaintiff Joey O. Rodriguez (Rodriguez)[1] filed suit in the 79th Judicial District Court, Jim Wells County, Texas, against "Countrywide Home Loans Servicing, L.P. or Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P." The action was removed to this Court as Civil Action No. 2:12-cv-325. *See* D.E. 1-2 in 2:12-cv-325. Rodriguez complained of the Bank of America foreclosure

---

[1] Rodriguez also appeared as "Joe O. Rodriguez, Jr." in that case. E.g., D.E. 13, p. 2 in 2:12-cv-325.

of a deed of trust lien on his home at 1211 Washington Street, Alice, Texas. On March 6, 2013, the case was resolved against Rodriguez by this Court's order granting Defendant Bank of America, N.A.'s[2] motion to dismiss. Rodriguez had pled claims for wrongful foreclosure, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA), the Texas Finance Code, the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA). He sought declaratory and injunctive relief. Rodriguez did not appeal the judgment.

Less than two months after this dismissal, on May 1, 2013, Rodriguez filed the current case, again in the 79th Judicial District Court, Jim Wells County, Texas, against "Countrywide Home Loans Servicing, LP or Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, and ReconTrust Company, N.A." D.E. 1-1. He again complains of the Bank of America foreclosure of a deed of trust lien on 1211 Washington Street, Alice, Texas. He alleges claims described as slander of title, statutory fraud, common law fraud, cloud on the title, foreclosure fraud, wrongful debt collection practices, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, fraud by omission, and unjust enrichment. He also alleges claims related to the Federal Trade Commission and violations of the DTPA, TILA, RESPA, Fair Housing Act (FHA), Fair Credit Reporting Act (FCRA), Texas Property Code, Texas Government Code, Texas Business & Commerce Code, and 18 U.S.C. § 1963. Rodriguez seeks declaratory and injunctive relief.

---

[2] Filed by Bank of America individually and as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.

Defendants removed Rodriguez's dispute to this Court and seek summary judgment on the basis of res judicata and collateral estoppel, as well as on the merits of each claim. D.E. 31. Defendants also argue that Rodriguez is a vexatious litigant and they seek a pre-filing injunction against Rodriguez to prevent him from filing additional litigation against them without first obtaining the permission of the Court. *Id*.

## DISCUSSION

### A. Res Judicata

Despite the labels he puts on them, all of Rodriguez's claims arise from Bank of America's June 5, 2012 foreclosure of the deed of trust lien on Rodriguez's property after Rodriguez defaulted on the promissory note secured by the deed of trust. There is no dispute that the loan was in default or that the deed of trust imposed a lien to secure payment of the note. Rodriguez's complaints are that Bank of America did not have proper assignments of the note or deed of trust and that the assignment, if any, of the deed of trust was not properly recorded in violation of the law. His claims are all based on the argument that Defendants did not have the necessary authority to foreclose.

This Court adjudicated these claims in the prior lawsuit, No. 2:12-cv-325. The doctrine of res judicata precludes a plaintiff from bringing the same claims in a new lawsuit. The prior final judgment determined all claims that were expressed in the prior lawsuit along with any other theories arising from the same nucleus of operative facts as between the same parties. *United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007); *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007).

Under res judicata, Bank of America individually and as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP is entitled to judgment on all claims that Rodriguez asserted in the prior lawsuit, along with all claims that, with due diligence, he could have asserted in the prior lawsuit, including all of the claims asserted against Bank of America here. The Court GRANTS Defendants' Motion for Summary Judgment (D.E. 31) as to those Defendants on the basis of res judicata. However, because ReconTrust was not a party to the prior action, the Court will review the arguments for summary judgment based on the merits of the case.

### B. Summary Judgment Evidence

Rodriguez complains that Defendants' summary judgment evidence is insufficient to support the judgment that Defendants request. In particular, Rodriguez objects that the declaration of Jessica L. Valdez (D.E. 31-1) is hearsay because it is based on "working knowledge" and "review of books and business records." The Court has reviewed the declaration and finds that it qualifies for the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Rodriguez's hearsay objection is OVERRULED.

Rodriguez further objects that the Corporation Assignment of Deed of Trust/ Mortgage (D.E. 31-4) by which Bank of America purports to have obtained rights to Rodriguez's deed of trust is fraudulent because it is signed by Melanie Cowan as Vice President of Countrywide Home Loans, Inc. and dated May 1, 2012. According to Rodriguez, Ms. Cowan's unauthenticated LinkedIn profile (D.E. 44-1, p. 2) shows that she was employed by ReconTrust/Bank of America during the relevant time period and

does not list Countrywide Home Loans as an employer. Rodriguez has not complied with the law with respect to authentication of documents as summary judgment proof. Additionally, the LinkedIn profile, without more, is not evidence of fraud. Therefore, the Court OVERRULES Rodriguez's objection to Defendants' use of the Corporation Assignment of Deed of Trust/Mortgage as proof of its right to foreclose the lien on Rodriguez's property.

### C. Claims on the Merits

All of Rodriguez's allegations and all of the matters he raised in his summary judgment response go to the issue of whether Defendants were the owners and holders of the note and deed of trust so as to have authority to foreclose. He cannot prevail on a "show me the note" theory because it is well-settled in Texas law that Defendants were not required to own the note when they foreclosed the deed of trust lien. *E.g., Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, *3 (Tex. App.—Austin, no pet.).

Defendants have provided adequate proof that they were assignees of the deed of trust and that the note was in default—a matter that Rodriguez does not dispute. D.E. 31-1 (business records affidavit proving up documents, including note payment history), 31-2 (copy of the original note endorsed by Countrywide Home Loans, Inc. in blank), 31-3 (copy of the deed of trust), 31-4 (assignment of the deed of trust to Bank of America, N.A.), 31-5 (payment history for the note), 31-6 (Substitute Trustee's Deed). Defendants have shown that they had the authority to foreclose the lien. Therefore, without contrary

proof, Rodriguez has failed to demonstrate his right to prevail on any of his legal theories.

### D. Vexatious Litigant and Pre-Filing Injunction

Whether to impose a pre-filing injunction against a vexatious litigant is a matter within the court's discretion, after affording notice and an opportunity to be heard, as part of its inherent power to control its dockets and issue sanctions in that effort. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986). The court may impose fines, hold a party in contempt, and require a party to obtain the court's approval before filing additional litigation against the present parties or more globally. *Day, supra*. While this Court declines to exercise its discretion to impose such a sanction on Rodriguez at this time, this Court will not look favorably on any additional attempts by Rodriguez to challenge its judgments in this case and in 2:12-cv-325 by collateral attack rather than by appeal.

## CONCLUSION

For the reasons set out above, the Court DENIES Rodriguez's Motion to Strike (D.E. 44), GRANTS IN PART Defendants' Motion for Summary Judgment (D.E. 31) and dismisses Rodriguez's action, and DENIES IN PART Defendants' Motion for Summary Judgment with respect to the request for a pre-filing injunction against Plaintiff.

ORDERED this 28th day of January, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE